# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| KRISTI K. HILL, | )<br>) |
| Plaintiff, | ) No. 10cv96 EJM<br>) |
| vs. | ) ORDER<br>) |
| MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability and supplemental security income benefits. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for payment of benefits.

Claiming an onset date of October 5, 2005, plaintiff alleges disability due to multiple impairments. It appears undisputed that prior applications for benefits were denied on May 24, 2006, and plaintiff does not seek reconsideration thereof. She asserts the Administrative Law Judge (ALJ) failed to give appropriate weight to the views of treating physician Blackman, and erred in finding a residual functional capacity assessment (and relying upon vocational expert testimony) that failed to consider she may need to be away from her workstation at unscheduled times for fifteen to twenty minutes to use a nebullizer. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe combination of impairments include osteoarthritis of the left knee status post anterior cruciate ligament tear in October, 2005, and reconstructive surgery in January 2006, obesity, sleep apnea, depression, and asthma, further noting that as of April, 2007, she was diagnosed with carpal tunnel syndrome of the right upper extremity status post surgical release in April 2008, and in August, 2007, she was diagnosed with degenerative disc disease of the lumbar spine. The ALJ further noted plaintiff has been diagnosed with edema in her lower extremities, diabetes mellitus, hypertension, restless leg syndrome, hyperlipidemia, and gastroesophageal reflux disease, which the ALJ found to be non-severe. T. 17.

Upon review of the record as a whole, it is the court's view that the ALJ failed to afford appropriate weight to the properly supported views of plaintiff's treating physician, Dr. Blackman. T. 310-311, 312-313, 361-364. Accordingly, the court finds the Commissioner's decision is not supported by substantial evidence on the record as a whole. When Dr. Blackman's views are afforded the weight to which

2

they are entitled, the court is satisfied that the record, including vocational expert testimony, establishes that plaintiff is unable to engage in substantial gainful activity, day in and day out, in the "sometimes competitive and stressful conditions in which real people work in the real world."  McCoy v. Schweiker, 683 F2d 1138, 1147 (8th Cir. 1982 (en banc).

Due to the court's disposition of this matter, the court need not consider plaintiff's remaining claim as to nebulizer use.

It is therefore

ORDERED

Reversed and remanded for payment of benefits.

June 17, 2011.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT